Toribio A. GARZA, Appellant,

v.

COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellee.

No. 8463.

Court of Civil Appeals of Texas, Amarillo.

April 15, 1974.

Rehearing Denied May 6, 1974.

Edwards, Smith & Associates, Carson Smith, Amarillo, for appellant.

Stokes, Carnahan & Fields, Richard E. Stokes, Jr., Amarillo, for appellee.

REYNOLDS, Justice.

In this workmen's compensation proceeding, the workman challenges the jury verdict pursuant to which judgment was entered decreeing that he sustained total temporary incapacity for a period of one week. The question is whether, and we determine that, the jury's findings of incapacity are supported by the evidence. Affirmed.

Toribio A. Garza suffered an accidental injury to his back on February 4, 1972, while he was working for the Hereford Feed Yards. He was referred to Dr. Milton Stephens, Jr., who operated, removing a portion of a bulging disc, in April, 1972. Assigning Garza a ten to fifteen percent disability from the injury and operation, Dr. Stephens gave Garza a release for full duty on August 31, 1972.

Thereafter, while he was in the scope of his employment with Texsun Feedyards on November 30, 1972, Garza slipped and fell,

suffering an injury or a re-injury to his back. Again being referred to Dr. Stephens, Garza saw, and was examined by, Dr. Stephens on December 7, 1972.

Garza has performed no work since November 30, 1972. He testified that he never has been without pain since his previous injury in February, 1972, and that he felt he would never be able to again perform manual labor due to his back condition.

According to Dr. Stephens, Garza did not give him any history of an accident during the December 7, 1972 examination, but Garza did state that his back hurt more than it had over the last several weeks. To Dr. Stephens, his examination revealed no objective change from his previous examination of Garza in August, 1972. From an objective standpoint, Dr. Stephens was unable to demonstrate any new injury or any evidence of any aggravation of an old condition or injury. In the doctor's opinion, Garza is in about the same condition as he was in August, 1972. It was Dr. Stephens' opinion, based upon a reasonable medical certainty, that any general disability to Garza's back is solely the result of the February 4, 1972 accidental injury and the ensuing surgery. Agreeing that Garza was not without pain and that he has seen Garza at regular intervals since the December 7, 1972 examination when Garza comes to his office to get prescriptions refilled for a mild pain medication and a tranquilizer, Dr. Stephens stated he would, if requested by an employer, give Garza a pre-employment physical examination and pass him for full manual duty.

Responsive to the submitted special issues, the jury found that Garza sustained bodily injury on November 30, 1972, while in the course of his employment for Texsun Feedyards, resulting in total temporary incapacity for one week that was not caused solely by the previous February 4, 1972 injury, and that there was no partial incapacity. Garza contends that the evidence is legally and factually insufficient to support the findings made by the jury respecting total and partial incapacity. His argument is that, his testimony and that of Dr. Stephens being totally contradictory, the evidence would have supported a jury finding of either no incapacity or substantial incapacity including total and permanent incapacity, depending upon the weight to be given the testimony of these two witnesses, but the evidence affords no basis for the incapacity findings the jury did make.

It seems obvious that the jury believed Garza's testimony of accident, injury and resulting total incapacity for the one week thereafter until he was examined by Dr. Stephens. It seems equally obvious that the jury disbelieved Garza's testimony of continuing incapacity and accepted Dr. Stephens' opinion testimony that his examination conducted a week following the injury revealed Garza had no incapacity resulting from his last injury.

▆▆▆ The jury was not bound to accept the testimony of Garza, an interested witness, at face value. Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 (1956). It was the province of the jury, as the judge of the credibility of the witnesses and the weight to be given their testimony, to resolve the conflicts and inconsistencies in the testimony. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561 (1952). Thus, the jury had the sole right, in weighing the testimony of Garza in the light of the other testimony, to believe that part of his testimony about his accidental injury on November 30, 1972, and his resulting total incapacity continuing for one week until December 7, 1972, when he was examined by Dr. Stephens, and to disbelieve that part of his testimony of incapacity thereafter. Consistent with the jury's right, the court is not authorized to set aside the jury verdict because the jury may have drawn inferences and conclusions different from those it deemed most reasonable even though the record contains evidence of, or even gives equal support to,

inconsistent inferences. Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792 (1951).

 Considering the evidence in relation to Garza's points of error under the principles collated in Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.R. 361 (1960), we find that there is some evidence of probative force to support the jury's findings, and that the jury's findings are not so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. The points of error are overruled.

The judgment is affirmed.