**CONTINENTAL CASUALTY COMPANY, Appellant,**

v.

**Claude E. WILLIAMSON, Appellee.**

**No. 12–97–00187–CV.**

Court of Appeals of Texas, Tyler.

May 28, 1998.

Joseph M. McElroy, Robert T. Cain, Lufkin, for appellant.

James A. Holmes, Henderson, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

This is a workers' compensation case, in which the insurance carrier, Continental Casualty Company ("Continental"), appealed two Texas Workers' Compensation Commission ("Commission") decisions that the claimant, Claude E. Williamson ("Williamson"), suffered a compensable injury as a matter of law. The two appeals were consolidated, and the trial was to the district court on an

agreed statement of facts. The trial court affirmed the Commission's decision, and Continental timely filed this appeal. The issue before us is whether an employer's failure to contest compensability, when there is no injury, creates a compensable injury as a matter of law. We will reverse and render.

A brief statement of the events which occurred is necessary to understand the issue in context. Williamson was employed by NIBCO, which subscribed to a policy of workers' compensation insurance issued by Continental. In January and February of 1993, Williamson was not working because of a prostate condition. Shortly after he returned to work in March 1993, Williamson claimed he injured his right leg in a fall down a staircase at work. This injury was covered by insurance and is not in dispute in this case. Williamson was off work until July 28, 1993, when he was returned to light duty against his wishes. When he returned to work, he was wearing a straight leg brace on his right leg.

On August 10, 1993, Williamson alleged another fall coming down a staircase at NIBCO. Williamson claimed injuries to his left leg, back, neck, shoulders and head as a result of the alleged second fall. Larry Duncan ("Duncan"), NIBCO's plant safety director, took Williamson to Dr. Jorgenson directly after the second alleged fall. Dr. Jorgenson, who examined Williamson on the date of the incident, reported that he found no additional injury and returned him to work, even though Williamson claimed that as a result of his alleged injuries he experienced blackouts, muscle spasms, and needed dental work. Instead of returning to work, Williamson requested to take vacation until a previously scheduled knee surgery on his right leg could be completed. Two days later, Duncan wrote a letter to Continental relating the events of Williamson's alleged August 10th injury, including the fact that Dr. Jorgenson had found that Williamson had not suffered any new injury.

Williamson remained off work following his knee surgery until Dr. Jorgenson released him to return to light duty work. The next day, while he was still wearing his leg brace, Williamson alleged that he fell in the restroom at his employer's business, injuring his back, left foot and right knee. No one witnessed this alleged fall. As of the filing of Continental's appellate brief, Williamson still had not returned to work.

Williamson testified at the Commission's contested case hearing. Two witnesses testified by affidavit that the August 10th incident appeared to be staged. In addition, Dr. Jorgenson's medical records were offered into evidence and were reflective of his opinion that Williamson did not suffer an injury. At the conclusion of the Commission's hearing, the hearing officer entered a decision and order including findings of fact and conclusions of law, among which were the following:

## FINDINGS OF FACT

4. On August 10, 1993, Claimant did not sustain damage or harm to the physical structure of his body in the course of an incident on the staircase at the premises of his employer.

5. On August 10, 1993, Claimant willfully intended to injure himself by staging the incident on the staircase at his employer's premises.

6. On August 12, 1993, Larry Duncan, the safety director for Claimant's employer, sent a letter to the employer's workers' compensation carrier indicating that Claimant alleged to have sustained an injury while at work on or about August 10, 1993.

7. Carrier [Continental] did not contest the compensability of Claimant's alleged injury until November 15, 1993.

8. More than sixty days elapsed between August 17 and November 15, 1993.

## CONCLUSIONS OF LAW

3. Claimant sustained no injury within the course and scope of his employment on or about August 10, 1993.

4. Claimant's alleged compensable injury of August 10, 1993 was caused by Claimant's willful intent to injure himself.

5. Carrier has waived its right to dispute the compensability of Claimant's alleged injury.

6. Claimant has sustained no disability as a result of his alleged compensable injury.

The Texas Workers' Compensation Act ("the Act") provides benefits for "compensable injuries." The Act defines "injury" as "damage or harm to the physical structure of the body." TEX.LAB.CODE ANN. § 401.011(26) (Vernon 1996). The definition of "compensable injury," on the other hand, means "an injury that arises out of and in the course and scope of employment for which compensation is payable under this subtitle." TEX. LAB.CODE ANN. § 401.011(10) (Vernon 1996). It is clear that compensable injury and injury are not synonymous.

The question of whether an injury occurred is one of fact. A contested case hearing officer, as finder of fact, is the sole judge of the relevance and materiality of the evidence as well as of the weight and credibility that is to be given the evidence. TEX.LAB. CODE ANN. § 410.165(a) (Vernon 1996). It was for the hearing officer, as trier of fact, to resolve the inconsistencies and conflicts in the evidence. *Garza v. Commercial Ins. Co. of Newark, N.J.,* 508 S.W.2d 701, 702 (Tex. Civ.App.—Amarillo 1974, no writ). This is equally true regarding medical evidence. *Texas Employers Ins. Assoc. v. Campos,* 666 S.W.2d 286, 290 (Tex.App.—Houston [14th Dist.] 1984, no writ). The trier of fact may believe all, part, or none of the testimony of any witness. *Taylor v. Lewis,* 553 S.W.2d 153, 161 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.); *Aetna Ins. Co. v. English,* 204 S.W.2d 850, 855–56 (Tex.Civ.App.—Fort Worth 1947, no writ). An appellate body is not a fact finder, and does not normally pass upon the credibility of witnesses or substitute its own judgment for that of the trier of fact, even if the evidence would support a different result. *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Soto,* 819 S.W.2d 619, 620 (Tex.App.—El Paso 1991, writ denied). When reviewing a hearing officer's decision

for factual sufficiency of the evidence, the decision should be reversed only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986).

Based upon the above legal tenets, the Commission affirmed the hearing officer's findings of fact and conclusions of law. It diverged, however, from the hearing officer's conclusion that because there was a finding of no injury, Williamson was not entitled to benefits. Contrary to the plain meaning of the terms, the Commission found that Williamson *suffered no injury,* but that because Continental did not timely contest *compensability,* as required by § 409.021 of the Labor Code,[1] Williamson's *injury* was established as a matter of law.

As so aptly expressed by Appellate Judge Robert Potts in his well-reasoned dissent to the Commission's decision:

In the instant case, the carrier failed to timely contest compensability and, therefore, waived its right to "contest compensability." However, the claimant has no injury. Without an injury, the question of whether the claimant sustained a "compensable injury," that is, an injury that occurred in the course and scope of employment, is not reached. There simply is no injury to which the concept of compensability can attach ... I cannot read Section 409.021 or Rule 124.6 to make a nonexistent injury into a compensable injury when a carrier fails to timely contest compensability.

An injury and a compensable injury are two different animals. In the instant case, Continental may have waived its rights to contest the compensability of an injury, but it never waived its right to contest the injury itself. Soon after the occurrence in question, it maintained, and continued to maintain, that Williamson was not injured. The issue of compensability never arose, because no injury was ever proven. We hold, therefore, that if a hearing officer determines that there is

---

1. "If an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability." TEX. LAB.CODE ANN. § 409.021 (Vernon 1996).

no injury, and that finding is not against the great weight and preponderance of the evidence, the carrier's failure to contest compensability cannot create an injury as a matter of law.[2]  We *reverse* and *render* the trial court's judgment.

2.  Certainly the carrier is taking a risk by *not* contesting compensability, since there is no guarantee that the Commission will agree with its assessment.  In that case, under the statute the carrier will have waived its defenses to compensability.