COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-284-CV
  
  
ZURICH 
AMERICAN
INSURANCE 
COMPANY                                                          APPELLANT
  
V.
  
LAUREN 
GILL                                                                           APPELLEE
 
  
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
OPINION**
 
------------
I. Introduction
        In 
a single point, Appellant Zurich American Insurance Company appeals the trial 
court’s summary judgment in favor of Appellee Lauren Gill, affirming that 
Zurich owes medical benefits to Gill under a workers’ compensation 
claim.  The issue before this court is the interpretation of Texas Labor 
Code section 409.021(c) regarding the effect of the failure to contest the 
compensability of an injury.  Zurich’s position is that (1) its failure 
to dispute that Gill had a compensable injury does not mean that it cannot 
dispute whether she had an injury at all, and (2) this court should render 
judgment in its favor because it proved to the trial court that no injury 
occurred as a matter of law. Gill’s position is that (1) by failing to timely 
dispute compensability, Zurich has waived its ability to contest the occurrence 
of this injury, and (2) she established that an injury occurred as a matter of 
law.  Because we hold that Gill had an injury and that Zurich could not 
contest the compensability of the injury, we affirm the trial court’s 
judgment.
II. Background
        Gill 
was an employee of Professional Employer Services from April 2000 until May 
2001.  Although she suffered from allergy problems since her childhood, in 
June 2000, she began suffering increased problems of sneezing, headaches, 
congestion, a sore throat, and a runny nose. After removing ceiling tiles from 
her office, she took them to a laboratory and discovered that they contained 
stachybotrys mold.  She was then medically diagnosed with allergic rhinitis 
and maxillary sinusitis, obtained appropriate medical treatment, and 
subsequently filed a workers’ compensation claim.  Although Zurich, 
Professional Employer Services’ workers’ compensation insurance carrier, 
received notice of her claim in May 2001, it failed to respond until January 8, 
2002, when it contested the compensability of Gill’s alleged injury.
        A 
contested case hearing was held October 31, 2002. The hearing officer found that 
Gill sustained injuries that were ordinary diseases of life—specifically, 
chronic allergic rhinitis and maxillary sinusitis. The hearing officer further 
found that Gill’s allergic rhinitis and maxillary sinusitis were not injuries 
in the form of an occupational disease. She further found that although Zurich 
failed to timely contest compensability, and therefore could not challenge 
whether the injury was compensable, Gill did not timely notify her employer of 
her injury. Therefore, Zurich was relieved of any liability for the workers’ 
compensation claim.
        Both 
Zurich and Gill appealed the hearing officer’s decision to the Workers’ 
Compensation Commission Appeals Panel. The Appeals Panel affirmed the hearing 
officer’s decision and order in part, holding that because the hearing officer 
is the sole judge of the weight and credibility of the evidence and, as the 
finder of fact, resolves the conflicts in the evidence and determines what facts 
have been established, the hearing officer’s determination that Gill did not 
sustain an injury in the form of an occupational disease was supported by 
sufficient evidence and was not so against the great weight and preponderance of 
the evidence as to be clearly wrong and unjust. Additionally, the Appeals Panel 
held that the hearing officer’s determination that the date of injury was June 
1, 2000 was supported by sufficient evidence and was not so against the great 
weight and preponderance of the evidence as to be clearly wrong and unjust; 
thus, the hearing officer’s determination that Gill failed to timely notify 
her employer of her injury was supported by sufficient evidence and was not so 
against the great weight and preponderance of the evidence as to be clearly 
wrong and unjust. The Appeals Panel also held that the hearing officer did not 
err as a matter of law by determining that Zurich waived its right to contest 
the compensability of the injury by not timely contesting the injury in 
accordance with the version of section 409.021 of the Labor Code effective at 
that time. The Appeals Panel also held that the hearing officer did not err as a 
matter of law by determining that Continental Casualty Company v. Williamson[1] did not apply to this case.  The Williamson 
court held that if a hearing officer determines that there is no injury, and 
that finding is not against the great weight and preponderance of the evidence, 
then the carrier’s failure to contest compensability cannot create an injury 
as a matter of a law.[2]  But Williamson 
is limited to situations where there is a determination that the claimant did 
not have an injury, as opposed to cases like this one where there is an injury 
or disease that was determined by the hearing officer not to be causally related 
to the claimant’s employment.[3]  Furthermore, 
the Appeals Panel held that although there was conflicting evidence, the hearing 
officer’s determination that Gill has not suffered disability was supported by 
sufficient evidence and was not so against the great weight and preponderance of 
the evidence as to be clearly wrong and unjust.
        The 
Appeals Panel, however, reversed the hearing officer’s decision that Zurich 
was relieved of liability under section 409.002 because of Gill’s failure to 
timely notify her employer of her injury pursuant to section 409.001.  The 
Appeals Panel explained that when a carrier loses its right to contest 
compensability, that loss includes its right to assert a defense under section 
409.002 based upon the claimant’s failure to give timely notice of her injury 
to her employer.  Consequently, Zurich was not relieved of liability.  
Finally, the Appeals Panel rendered the decision that because Zurich waived its 
right to contest compensability, Gill had a compensable injury as a matter of 
law.
        Zurich 
then filed suit in district court, appealing the panel’s determinations that, 
among other things, it had waived the right to contest compensability of the 
claimed injury by not timely contesting the injury, and thus it was obligated to 
pay medical benefits for Gill’s medical care.  Gill answered and 
counter-claimed, complaining that the Appeals Panel erred in finding that (1) 
she did not sustain an injury in the form of an occupational disease and (2) her 
medical problems were not caused, enhanced, or aggravated by her working 
conditions.  Each party subsequently filed a motion for summary judgment.
        The 
question presented to the trial court, according to Zurich’s motion, was 
“whether or not Ms. Gill sustained an injury as outlined in the Texas Labor 
Code.”  In her motion for summary judgment, Gill posited the issue as 
whether Zurich “waived the right to contest compensability of the claimed 
injury by not timely contesting the injury.”  After a hearing and 
considering the motions, the trial court denied Zurich’s motion and granted 
summary judgment in favor of Gill, finding that “(1) Zurich has waived the 
right to contest compensability; (2) thus judgment affirming the decision of the 
TWCC’s Appeals Panel decision number 023017 is appropriate; [and] (3) Zurich 
owes medical benefits to Lauren Gill.”  This appeal resulted.
III. Analysis
        A. Statutes
        The 
goal of statutory construction is to give effect to legislative intent.[4]  Unless a statute is ambiguous, we discern that 
intent from the language of the statute itself.[5]  
Further, we consider a statute as a whole, not its provisions in isolation.[6] Additionally, an administrative agency’s construction or 
interpretation of a statute, which the agency is charged with enforcing, is 
entitled to serious consideration by reviewing courts, so long as that 
construction is reasonable and does not contradict the plain language of the 
statute.[7]
        In 
this case, our analysis begins with an examination of the pertinent statutory 
definitions contained in section 401.011 of the Texas Labor Code:
 
(26) “Injury” means damage or harm to the physical structure of the body and 
a disease or infection naturally resulting from the damage or harm.  The 
term includes an occupational disease.
  

                . 
. . .
 
(34) 
“Occupational disease” means a disease arising out of and in the course of 
employment that causes damage or harm to the physical structure of the body, 
including a repetitive trauma injury. The term includes a disease or infection 
that naturally results from the work-related disease.  The term does not 
include an ordinary disease of life to which the general public is exposed 
outside of employment, unless that disease is an incident to a compensable 
injury or occupational injury.[8]
 
To 
be “compensable,” the injury must arise out of and in the scope and course 
of employment for which compensation is payable.[9]
        At 
issue in this appeal is the meaning of a particular statutory section containing 
these defined phrases.  Section 409.021(c) of the Texas Labor Code states: 
“If an insurance carrier does not contest the compensability of an injury on 
or before the 60th day after the date on which the insurance carrier 
is notified of the injury, the insurance carrier waives its right to contest 
compensability.”[10]  It is undisputed that 
Zurich did not contest compensability within the sixty-day period.  But 
Zurich argues that (1) this does not mean that it is not allowed to contest 
whether there was an underlying injury at all, and (2) if no such injury 
occurred, it cannot be compensable because nothing arose “in the course and 
scope of employment for which compensation is payable.”[11]  
In sum, Zurich argues that there was no injury, therefore there was no 
“compensable injury” as a matter of law, and so Zurich did not have to 
comply with section 409.021.[12]
        Gill 
points the court to an additional deadline missed by Zurich contained in former 
section 409.021(a), applicable to this case, which reads:
  
An insurance carrier shall initiate compensation under this subtitle 
promptly.  Not later than the seventh day after the date on which an 
insurance carrier receives notice of an injury, the insurance carrier shall (1) 
begin the payment of benefits as required by this subtitle or (2) notify the 
commission and the employee in writing of its refusal to pay and advise the 
employee of (A) the right to request a benefit review conference and (B) the 
means to obtain additional information from the commission.[13]
 
 
Gill 
argues that if Zurich’s construction of the statute is correct regarding its 
being able to contest the occurrence of an injury at any time, then there is no 
reason for the insurance company to ever respond to a claim, let alone to do so 
“promptly” as set forth in former section 409.021(a).
                B. Case Law
        Two 
cases touching on the issue before this court are discussed by the parties. In Williamson, 
claimant Claude Williamson alleged that on August 10, 1993, he fell down a 
staircase at work, which replicated a March 1993 injury.[14]  
Williamson filed a worker’s compensation claim, but Continental did not 
respond within the sixty-day time frame.[15]  
Following the contested case hearing at which Williamson and others testified, 
the hearing officer entered a Decision and Order, with findings of fact and 
conclusions of law, including a finding that Williamson willfully intended to 
injure himself by staging the incident in question but did not sustain an 
injury.[16]   The hearing officer therefore 
held that, although the insurance carrier had waived its right to dispute the 
compensability of Williamson’s alleged injury, because Williamson had no 
injury, he was not entitled to benefits.[17]
        The 
Appeals Panel affirmed the hearing officer’s findings of fact and conclusions 
of law, but disagreed with the conclusion that because there was a finding of no 
injury, Williamson was not entitled to benefits.[18]  
The Appeals Panel instead held that Williamson suffered no injury, but because 
Continental did not timely contest compensability, Williamson’s injury was 
established as a matter of law.[19]
        Continental 
then appealed the Appeals Panel decision to the trial court.  The trial 
court affirmed the decision, which was again appealed to our sister court in 
Tyler.[20] The question on appeal was whether an 
employer’s failure to timely contest compensability, when there is no injury, 
creates a compensable injury as a matter of law.[21]  
The Tyler court found that an injury and a compensable injury are two different 
animals.[22]  Continental may have waived its 
right to contest the compensability of an injury, but it never waived its right 
to contest the injury itself.[23] The court 
therefore held that if a hearing officer determines that there is no injury, and 
that finding is not against the great weight and preponderance of the evidence, 
then the carrier’s failure to contest compensability cannot create an injury 
as a matter of a law.[24]  The appellate court 
reversed the trial court’s judgment and rendered judgment in favor of the 
carrier.[25]
        Willamson 
has been held by the Texas Workers’ Compensation Commission Appeals Panel to 
be limited to situations where there is a determination by the hearing officer 
that the claimant did not have an injury, that is, no damage or harm to the 
physical structure of the body, as opposed to cases where there is an injury or 
disease determined by the hearing officer not to have been causally related to 
the employment.[26]
        The 
second case discussed by the parties is Continental Casualty Company v. Downs.[27]  Mary Downs timely filed a claim for worker’s 
compensation benefits after her husband’s death, but the carrier, Continental, 
did not dispute the compensability of her claim until forty-eight days after it 
received the notice.[28]   A hearing 
officer determined that the heart attack that caused her husband’s death was 
not compensable and that Continental had timely contested compensability, which 
the Texas Workers’ Compensation Commission Appeals Panel affirmed.[29]
        On 
appeal, the trial court affirmed the Appeals Panel’s decision, but the San 
Antonio Court of Appeals reversed the trial court and rendered judgment in favor 
of Downs because Continental had not, within seven days of notice of the claim, 
notified Downs of its refusal to pay benefits and therefore Continental could 
not contest compensability.[30]  In other words, 
by failing to meet the seven-day deadline contained in former section 
409.021(a), Continental no longer had the sixty days allowed by section 
409.021(c) to investigate compensability.[31]
        The 
Texas Supreme Court agreed with this analysis, holding that “[t]herefore, a 
carrier that has neither initiated benefits nor filed a notice of refusal, has 
not complied with the [seven-day] statutory requisite, and has failed to trigger 
the sixty-day period to investigate or deny compensability.”[32]  
The court went on to observe that
  
[a]lthough the parties and the court of appeals label the consequence for 
failure to meet the seven-day pay-or-dispute deadline a “waiver,” that is 
not precisely what happens under the statutory scheme.  We are presented 
not with a question of waiver, but of a deadline (seven days to pay or dispute), 
and a consequence for failing to meet that deadline (a carrier that does nothing 
fails to avail itself of the sixty-day period to investigate or deny 
compensability).[33]
 
        C. Application
        Applying 
the foregoing case law and statutory analysis to this case, we hold that Gill 
has an injury that is compensable by Zurich.  When notified of a claim 
under the worker’s compensation statute, an insurer operating under the law 
effective in this case had seven days to either begin paying benefits or notify 
the commission and the employee of its refusal to pay.[34]  
By acting on the notice of an injury, the insurance carrier would then afford 
itself up to sixty days after notice to investigate the claim and contest the 
compensability of the injury pursuant to Texas Labor Code section 409.021(c).[35]  Because Zurich did not act within the seven-day 
period, let alone within the sixty-day period, it no longer had a right to 
contest compensability of the injury.  This, however, is not disputed by 
Zurich, who argues that the Williamson case allows it to dispute the 
occurrence of an injury, although not its compensability.[36]
        But 
again, the Workers’ Compensation Commission Appeals Panel has repeatedly and 
consistently held that Williamson applies to situations where there is a 
determination that the claimant did not have an injury, as opposed to cases 
where there is an injury or disease which was determined by the hearing officer 
not to be causally related to the claimant’s employment.[37]  
In Appeal No. 981847, from September 25, 1998, the chief judge of the Appeals 
Panel wrote as follows:
  
Similarly, in appeal 981640, supra, where the appeal panel applied the Williamson 
decision, the hearing officer determined that there was no injury (reflex 
sympathetic dystrophy) and that determination was supported by the 
evidence.  In the case under review, that was not the situation.  Not 
only did the evidence support the hearing officer’s determination that the 
claimant sustained an occupational disease, but the fact that the claimant had a 
dystopia condition was not in dispute; rather, whether it related to her 
employment, a compensability issue, was the essence of the issue.  In other 
words, the question was not that the claimant did not have an injury or 
condition at all but whether it was connected to her employment, a 
compensability matter.  We do not read the Williamson case to extend to 
situations where there is some injury or condition supported by the evidence and 
the pertinent issue is whether it relates to the employment, a compensability 
matter.  To so extend Williamson would effectively read section 409.021(c) 
out of existence. (Emphasis added).[38]
 
We 
agree. Therefore, because the hearing officer found that Gill had an injury, Williamson 
does not apply to this case. Consequently, Zurich’s sole issue is whether Gill 
had an “injury.”
        Because 
we are dealing with statutory construction, we must examine the Texas Labor 
Code’s definition of “injury.”[39]   
As previously set forth, “injury” is defined as damage or harm to the 
physical structure of the body and a disease or infection naturally resulting 
from the damage or harm, including an occupational disease.[40]
        The 
statute specifies that the term “occupational disease” does not include 
“an ordinary disease of life to which the general public is exposed outside of 
employment, unless that disease is an incident to a compensable injury or 
occupational disease.”[41]  Because Gill has 
pointed to no evidence in the record that her rhinitis and maxillary sinusitis 
were anything other than “ordinary disease[s] of life,” we agree with the 
Appeals Panel that she has not shown that her condition is an occupational 
disease.
        Therefore, 
to be an “injury,” Gill’s condition must qualify as damage or harm to the 
physical structure of the body and a disease or infection naturally resulting 
from the damage or harm.[42]  The question of 
whether an injury occurred is one of fact.[43] A 
contested case hearing officer, as finder of fact, is the sole judge of the 
relevance and materiality of the evidence as well as of the weight and 
credibility that is to be given the evidence.[44]  
It was for the hearing officer to resolve the inconsistencies and conflicts in 
the evidence.[45]  This is equally true 
regarding medical evidence.[46]  The trier of 
fact may believe all, part, or none of the testimony of any witness.[47]  An appellate body is not a fact finder, and does 
not normally pass upon the credibility of witnesses or substitute its own 
judgment for that of the trier of fact, even if the evidence would support a 
different result.[48]  Additionally, when 
reviewing a hearing officer’s determination of a fact issue, the decision 
should be reversed only if it is so contrary to the overwhelming weight of the 
evidence as to be clearly wrong and unjust.[49]
        The 
record shows, and Zurich does not contest, that Gill has chronic allergic 
rhinitis and maxillary sinusitis, which manifested in the form of sneezing, 
headaches, congestion, a sore throat, and a runny nose.  The Appeals Panel 
recognized and agreed with the hearing officer’s determination that Gill had 
physical harm or damage to her body due to the chronic allergic rhinitis and 
maxillary sinusitis.  Because Gill’s chronic allergic rhinitis and 
maxillary sinusitis resulted in the malfunctioning of the physical structure of 
the body,[50] the agency’s determination that Gill 
had an injury is not so contrary to the overwhelming weight of the evidence as 
to be clearly wrong and unjust.[51]
        Consequently, 
we hold that, under the facts of this case, although Gill’s condition was an 
ordinary disease of life, not incident to a compensable injury or occupational 
disease, her condition was an “injury” for purposes of section 401.011(26) 
of the Texas Labor Code.  Thus, because Zurich cannot contest the 
compensability of the injury, it owes medical benefits to Gill.  We 
overrule Zurich’s sole point.
IV. Conclusion
        Having 
held that (1) Gill had an injury, (2) Zurich may not contest the compensability 
of the injury, and thus (3) Zurich owes medical benefits to Gill, we affirm the 
trial court’s judgment.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
MCCOY, 
J. filed a dissenting opinion.
 
DELIVERED: 
September 8, 2005

 

 
COURT 
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-284-CV
 
 
ZURICH 
AMERICAN                                                               APPELLANT
INSURANCE 
COMPANY
  
V.
  
LAUREN 
GILL                                                                           APPELLEE
 
 
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
DISSENTING OPINION
 
------------
        I 
respectfully dissent. I do not believe that the Legislature intended that an 
“injury” encompass the symptoms of an “ordinary disease of life,” as has 
been found present here, any more than those from a common cold, a cold sore (a 
viral infection), or athlete’s foot (a fungal infection).
 
                                                                  BOB 
MCCOY
                                                                  JUSTICE

DELIVERED: 
September 8, 2005
 


 
NOTES
** Majority Opinion by Justice Dauphinot;
   Dissenting 
Opinion by Justice McCoy
        MAJORITY OPINION NOTES:
1.  
971 S.W.2d 108 (Tex. App.—Tyler 1998, no pet.).
2.  
Id. at 110-11.
3.  
See, e.g., Appeals Panel No. 022274, 2002 WL 31474068, at *2 (Tex. 
Workers’ Comp. Comm’n Oct. 17, 2002); Appeals Panel No. 022027-s, 2002 WL 
31474007, at *2 (Tex. Workers’ Comp. Comm’n Sept. 30, 2002); Appeals Panel 
No. 990223, 1999 WL 202028, at *3 (Tex. Workers’ Comp. Comm’n Mar. 22, 
1999); Appeals Panel No. 990135, 1999 WL 163482, at *4 (Tex. Workers’ Comp. 
Comm’n Mar. 10, 1999); Appeals Panel No. 981847, 1998 WL 1012977, at *2 (Tex. 
Workers’ Comp. Comm’n Sept. 25, 1998).
4.  
Cont’l Cas. Co. v. Downs, 81 S.W.3d 803, 805 (Tex. 2002).
5.  
Id.
6.  
Id.
7.  
Broadhurst v. Employees Ret. Sys. of Tex., 83 S.W.3d 320, 323 (Tex. 
App.—Austin 2002, pet. denied).
8.  
Tex. Lab. Code § 401.011(26), 
(34) (Vernon Supp. 2004-05).
9.  
Id. § 401.011(10).
10.  
Id. § 409.021(c) (Vernon Supp. 2004-05).
11.  
See id.
12.  
See TIG Premier Ins. Co. v. Pemberton, 127 S.W.3d 270, 272 n.1 
(Tex. App.—Waco 2003, pet. denied).
13.  
Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. 
Laws 1195 (amended 2003) (current version at Tex. Lab. Code Ann. § 409.021(a) 
(Vernon Supp. 2004-05)).
14.  
Williamson, 971 S.W.2d at 109.
15.  
Id.
16.  
Id.
17.  
Id. at 109-110.
18.  
Id. at 110.
19.  
Id.
20.  
Id.
21.  
Id. at 110-11.
22.  
Id. at 110.
23.  
Id. at 110-11.
24.  
Id.
25.  
Id. at 111.
26.  
See, e.g., Appeals Panel No. 022274, 2002 WL 31474068, at *2; 
Appeals Panel No. 022027-s, 2002 WL 31474007, at *2; Appeals Panel No. 990223, 
1999 WL 202028, at *3; Appeals Panel No. 990135, 1999 WL 163482, at *4; Appeals 
Panel No. 981847, 1998 WL 1012977, at *2.
27.  
81 S.W.3d at 804-07.
28.  
Id. at 804.
29.  
Id.
30.  
Id.
31.  
Id.
32.  
Id. at 806.
33.  
Id. at 807.
34.  
Act of May 12, 1993, 73rd Leg. R.S., ch. 269, § 1, 1993 Tex. Gen. 
Laws 1195 (amended 2003).
35.  
Tex. Lab. Code Ann. § 409.021(c).
36.  
See Williamson, 971 S.W.2d at 110.
37.  
See, e.g., Appeals Panel No. 022274, 2002 WL 31474068, at *2; 
Appeals Panel No. 022027-s, 2002 WL 31474007, at *2; Appeals Panel No. 990223, 
1999 WL 202028, at *3; Appeals Panel No. 990135, 1999 WL 163482, at *4; Appeals 
Panel No. 981847, 1998 WL 1012977, at *2.
38.  
Appeals Panel No. 981847, 1998 WL 1012977, at *2.
39.  
See Tex. Lab. Code Ann. § 
401.011(26).
40.  
Id.
41.  
Id. § 401.011(34).
42.  
Id. § 401.011(26).
43.  
Williamson, 971 S.W.2d at 110.
44.  
Tex. Lab. Code Ann. § 410.165(a) 
(Vernon 1996); Williamson, 971 S.W.2d at 110.
45.  
Williamson, 971 S.W.2d at 110.
46.  
Id.
47.  
Id.
48.  
Id.
49.  
See id.
50.  
See GTE Southwest, Inc. v. Bruce, 998 S.W.2d 605, 610 (Tex. 1999) 
(holding, with regard to the injury of emotional distress, that “[t]he phrase 
‘physical structure of the body’ refers to the entire body, and emotional 
distress may constitute an ‘injury’ when it results in malfunctioning of the 
physical structure of the body”).
51.  
See Williamson, 971 S.W.2d at 110; see also Broadhurst, 83 S.W.3d 
at 332.
 
        
DISSENTING OPINION NOTES:
Not 
applicable.