NO. 07-04-0408-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 25, 2006
_____

STATE OFFICE OF RISK MANAGEMENT, APPELLANT

v.

TERRY PEEPLES, APPELLEE
_____

FROM THE 237th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-522,038; HON. SAM MEDINA, PRESIDING
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

This is another[1] of the cases involving the "*Downs* waiver"[2] under section 409.021 of the Workers' Compensation Act, Tex. Lab. Code § 401.001, *et seq.*, as that section read before its 2003 amendment.[3] In *Downs*, the supreme court held that a workers

---

[1] *See, e.g., Southwestern Bell Telephone Co., L.P. v. Mitchell*, 2005 WL 154203 (Tex.App.–San Antonio Jan. 26 2005, pet. granted).

[2] *Continental Casualty Co. v. Downs*, 81 S.W.3d 803 (Tex. 2002).

[3] Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 1195 (amended 2003) (current version at TEX. LAB. CODE § 409.021(a) (Vernon 2006)).

compensation carrier that failed either to begin payment of benefits or give notification of its refusal to do so within seven[4] days of its receipt of written notice of an injury, as required by section 409.021(a), forfeited its ability to contest the compensability of the injury. *Downs*, 81 S.W.3d at 807.

Presenting two issues, the State Office of Risk Management ("SORM") here appeals a summary judgment granted the claimant, appellee Terry Peeples. Peeples, employed by Texas Tech University, claimed an injury to his back from an incident that occurred on April 1, 2002. The contested case hearing officer and the Workers' Compensation Commission appeals panel determined that SORM waived its right to contest compensability of Peeples' injury because it failed to pay him benefits or dispute compensability within seven days of receiving written notice of his injury. When SORM sought judicial review of the appeals panel decision, Peeples filed a motion for summary judgment based both on traditional and no-evidence grounds. The trial court granted the motion without specifying the grounds on which it was granted, and rendered judgment for Peeples. We will overrule SORM's issues and affirm the trial court's judgment.

The hearing officer and appeals panel decided the issue of SORM's compliance with the seven-day deadline in favor of Peeples. SORM bore the burden in the trial court to establish, by a preponderance of the evidence, that it met the deadline. *See* § 410.303 (placing burden of proof on party appealing decision of appeals panel). Peeples' no-

---

[4] The current statute now provides the insurance carrier 15 days to begin payment of benefits or give notification of its refusal to do so. TEX. LAB. CODE § 409.021(a) (Vernon 2006).

evidence summary judgment motion asserted there was no evidence SORM timely complied with the relevant provisions of section 409.021.

SORM's first issue contends summary judgment was improper because the summary judgment evidence raised an issue of fact concerning the date on which SORM received written notice of Peeples' injury.[5] It is undisputed that SORM accomplished the notification of its refusal to provide benefits to Peeples by its completion of a form TWCC-21, Payment of Compensation or Notice of Refused or Disputed Claim, on May 9, 2002, and its hand-delivery of the completed form to the Commission the same day. It also is undisputed SORM opened a file on Peeples' claim on May 1, 2002. SORM argues there is some evidence the information it received by May 1 was insufficient to constitute written notice of Peeples' injury under section 409.021(a) and that its seven-day period to take action under that section did not begin until May 7. We consider the summary judgment evidence in the light most favorable to the non-movant. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003).

The parties discuss three entries on the form TWCC-21 submitted by SORM as

---

[5] In support of its issue, SORM cites a TWCC regulation concerning receipt of notice of injury by a carrier. The regulation indicates that in some circumstances written notice under section 409.021 consists of the carrier's earliest receipt of a communication that fairly informs the carrier of the name of the injured employee, the identity of the employer, the approximate date of injury and information asserting the injury is work related. 28 TEX. ADMIN. CODE § 124.1 (West, WESTLAW through 2006). For purposes of disposition of its issue, we will assume, but do not decide, that SORM is correct the TWCC regulation defines the essentials of written notice under section 409.021. We note the same regulation provides that on request of the Commission, a carrier shall provide an affidavit "indicating the receipt or non-receipt of a notice of injury received and the receipt date." No such affidavit appears in this record.

3

containing information relevant to the issue of SORM's compliance with the seven-day deadline in section 409.021(a). The block on the form labeled "date of this notice" contains the entry "5/9/02"; in the block labeled "nature of injury," SORM entered the word "back"; and in the block calling for "insurance carrier's first written notice of injury received on," SORM stated "5/1/02."

SORM also points to entries in its electronic claim file apparently made by its claims adjuster.[6] The initial entry in SORM's claim record states "Claim setup on 05-01-02 at 1:07 pm by LFG."[7] That is the only entry dated May 1. The next several entries are dated May 7, and include the identification of Texas Tech as the employer and an entry apparently describing the claimed injury, which states "Back. Employer [*sic*] was pushing a [*sic*] air lift." The entries dated May 7 also include summaries of a telephone conversation with Texas Tech's claims coordinator and of a recorded statement from the claimant Peeples.

Peeples argues that SORM's mere entry of the word "back" in its description of the nature of his injury on the form TWCC-21 is not evidence of the amount of information SORM possessed concerning the injury or of the date on which it came into possession of the information. We agree. Even under SORM's interpretation of the summary judgment record, it had complete information concerning Peeples' injury by the time it prepared the form TWCC-21 on May 9. We can infer nothing about the date SORM received written notice of the injury from its one-word description of the injury on that form.

---

[6] The pages in the record have the appearance of being printed from a computer screen.

[7] "LFG" is not identified or further referred to in the record.

We agree also with Peeples' contention that the May 7 entries in SORM's case file do not provide evidence that SORM lacked information essential to written notice of the injury when it opened its claim file on May 1. Perhaps we can infer that the entries bearing the date May 7 were made in SORM's claims system on that date. But nothing in the summary judgment record permits us to infer that the date information was entered in SORM's system is the date on which SORM received the information. Moreover, nothing in the record permits the necessary inference that the claims system entries reflect all the information in SORM's possession.

The summary judgment record does not tell us what information SORM received that caused it to open a claim file for Peeples on May 1. We find no evidence to support SORM's contention the information provided it on that date was something less than the written notice of injury under section 409.021. SORM's first issue is overruled.

By its second issue, SORM attempts to bring this case within the holding of *Continental Casualty Co. v. Williamson*, 971 S.W.2d 108 (Tex.App.–Tyler 1998, no pet.), in which the court of appeals, drawing the distinction between the defined terms "injury" and "compensable injury,"[8] held that if a hearing officer determines there is no injury, and that finding is not against the great weight and preponderance of the evidence, the carrier's failure to contest compensability cannot create an injury as a matter of law. *Id*. at 110-11.[9]

---

[8] TEX. LAB. CODE § 401.011 (10), (26) (Vernon 2006) (defining "compensable injury" and "injury").

[9] Peeples contends that SORM's second issue was not preserved for judicial review. We need not address that contention.

*Williamson*, however, has been limited to cases in which there is a determination the claimant did not have an injury,[10] as opposed to cases in which an injury is determined not to be causally related to the claimant's employment.[11] *Zurich American Ins. Co. v. Gill*, 173 S.W.3d 878, 885 (Tex.App.–Fort Worth 2005, pet. denied). It is undisputed that Peeples was being medicated for pre-existing back problems at the time of the April 1, 2002 incident. The hearing officer made reference to his medications and to a diagnosis of a degenerative disc made by Peeples' treating physician. The hearing officer also summarized the report of another physician who examined Peeples. That report described Peeples' history of chronic low back pain, and commented that he exhibited all the classical findings of spinal stenosis. The hearing officer noted the physician's conclusion that the incident of April 1, 2002 was too mild to have significantly adversely affected the course of Peeples' spinal condition. Considered in context, we disagree with SORM that the hearing officer's finding that "on April 1, 2002, during the course and scope of employment, [Peeples] did not injure himself or cause harm to his body" was a determination that Peeples had no injury, in the sense in which *Williamson* has been applied. *See Zurich*, 173 S.W.3d at 885. We agree with the appeals panel's conclusion that *Williamson* is not applicable. SORM's second issue is overruled.

_____

[10] The claimant in *Williamson* had a pre-existing injury to his right leg but claimed injuries to his left leg and other parts of his body from the incident in question. The hearing officer found the claimant willfully intended to injure himself by staging the incident but did not sustain an injury. 971 S.W.2d at 109.

[11] Compensable injury is "an injury that arises out of and in the course and scope of employment for which compensation is payable . . . ." TEX. LAB. CODE § 401.011 (10) (Vernon 2006). Whether an injury was incurred in the course and scope of employment is an issue of compensability. *Texas Workers' Compensation Com'n v. Garcia*, 893 S.W.2d 504, 515 (Tex. 1995).

Having overruled SORM's two issues, we affirm the judgment of the trial court.


                              James T. Campbell
                                   Justice