# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-12-00664-CV

---

**Ernest E. Figari, Jr., Appellant**

**v.**

**Travelers Indemnity Company of Connecticut, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. D-1-GN-10-001048, HONORABLE TIM SULAK, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is an administrative appeal of an order of the Texas Department of Insurance's Division of Workers' Compensation (DWC), which denied medical benefits to appellant Ernest E. Figari, Jr., for in-home physical therapy on the basis that the health care was not medically necessary. *See* Tex. Lab. Code § 408.021 (employee sustaining compensable injury is entitled to all health care reasonably required by nature of injury as and when needed). The district court upheld the DWC's order. For the following reasons, we will affirm the judgment of the district court.

Figari suffered a shoulder dislocation and fracture at his workplace and applied to his employer's insurance company, Travelers Indemnity Company of Connecticut, for medical benefits as provided for and regulated by the DWC. Figari had shoulder surgery after which his treating physician, Dr. Sumant Krishnan, recommended that he undergo outpatient physical therapy two days per week and in-home physical therapy at least twice a day on the remaining days to help restore

shoulder function and nerve regeneration in his arm and hand. Pursuant to applicable workers' compensation regulations, Figari sought preauthorization from Travelers for the in-home physical therapy.[1] *See* 28 Tex. Admin. Code § 134.600(p) (Tex. Dep't of Ins., DWC, Preauthorization, Concurrent Utilization Review, and Voluntary Certification of Health Care) (listing non-emergency health care requiring preauthorization).

Travelers denied Figari's request for preauthorization and his subsequent request for reconsideration on the basis that the in-home physical therapy was not medically necessary.[2] *See id.* § 134.600(h) (insurance carrier shall either approve preauthorization request or issue "adverse determination" on request based solely on medical necessity of health care required to treat injury). Figari then sought review of the adverse determination by an independent review organization (IRO). *See id.* § 133.308. The IRO issued a decision in Figari's favor, overturning Travelers' adverse determination and ruling that the services of the home health nurse whom Figari had engaged

---

[1] Figari also sought preauthorization for the outpatient physical therapy, which Travelers granted and continued to grant for a specified number of sessions at a time throughout his rehabilitation period. Preauthorization and reimbursement for the outpatient physical therapy is not at issue on appeal.

[2] The record reflects that Travelers initially "acknowledged" Dr. Krishnan's request for a specified number of visits by an occupational therapist, physical therapist, and skilled nurse for Figari in a "home health setting." It appears from the record that, based on such "acknowledgment," Figari hired a nurse to attend to him daily in his home and assist with various tasks, including the twice-daily physical therapy. Figari cites record evidence indicating that Travelers reimbursed him approximately $3,700 for a few weeks of this in-home nursing assistance and contends that such reimbursement was an "admission" that the in-home physical therapy was medically necessary. However, Figari has not cited any authority to support his contention that Travelers' reimbursement of some initial (and unspecified) charges for certain in-home care would be binding on a later determination of medical necessity of in-home physical therapy, and we do not consider the facts of this initial reimbursement to be dispositive of that issue.

2

were medically necessary and reasonable. Travelers appealed the IRO decision through the DWC's contested-case hearing procedures. *See id.* § 133.308(s).

A contested case was heard by a DWC hearing officer who issued an order that Travelers is not liable for the medical benefits at issue, as supported by his pertinent finding of fact—"A nurse practitioner or aide for therapy twice daily in home is not health care reasonably required for the compensable injury of April 16, 2009"—and related conclusion of law—"The preponderance of the evidence is contrary to the decision of the IRO."

In his sole issue on appeal, Figari contends that the DWC's order is not supported by substantial evidence. *See* Tex. Lab. Code § 410.255 (issues other than compensability and income or death benefits are governed by substantial evidence rule); Tex. Gov't Code § 2001.174 (outlining substantial evidence standard of review). Specifically, Figari asserts that the hearing officer's conclusion that the in-home physical therapy is not "reasonably required" is not supported by substantial evidence *of the type statutorily required*, that is, "evidence based medical evidence." 28 Tex. Admin. Code § 133.308(s) (in DWC contested-case hearing, party appealing IRO decision has burden of overcoming decision by preponderance of "evidence based medical evidence"); *see also* Tex. Lab. Code § 401.011(18-a) ("evidence-based medicine" means "the use of current best quality scientific and medical evidence formulated from credible scientific studies, including peer-reviewed medical literature and other current scientifically based texts, and treatment and practice guidelines in making decisions about the care of individual patients"), (22-a) ("health care reasonably required" means "health care that is clinically appropriate and considered effective for the injured employee's injury and provided in accordance with best practices consistent with: (A) evidence-

3

based medicine; or (B) if that evidence is not available, generally accepted standards of medical practice recognized in the medical community").

By statute, the DWC commissioner is required to adopt treatment guidelines that are "evidence-based, scientifically valid, and outcome-focused and designed to reduce excessive or inappropriate medical care while safeguarding necessary medical care." Tex. Lab. Code § 413.011(e). The DWC has adopted such guidelines in the form of the Official Disability Guidelines (ODG) published by the Work Loss Data Institute, and health care provided in accordance with the ODG is presumed to be "reasonably required" as defined by section 401.011(22-a) of the Labor Code. 28 Tex. Admin. Code § 137.100(a), (c). Thus, it follows that treatment specified in the ODG constitutes "evidence based medical evidence" of health care that is "reasonably required."

Additionally, non-emergency health care treatments and services that exceed those recommended in the ODG must be preauthorized by the insurance carrier, and the carrier is not liable for the costs of treatment or services that exceed those recommended in the ODG unless they have been preauthorized. *Id.* §§ 134.600(p)(12), 137.100(d). An insurer need not preauthorize health care that is not medically necessary, *see id.* § 134.600(h), and in a DWC contested case, the hearing officer determines whether the "evidence based medical evidence" preponderates against or in favor of the IRO's finding that the requested treatment is medically necessary, *see id.* § 133.308(s). Thus, we must determine whether substantial "evidence based medical evidence" supports the hearing officer's determination that the in-home physical therapy was not medically necessary.

The DWC order cited the following portion of the ODG concerning home health services: "Recommended only for otherwise recommended medical treatment for patients who are

homebound." Because this treatment recommendation appears in the ODG, it is "evidence based medical evidence" as a matter of law and specifies the circumstances under which home health services may be deemed medically necessary. Appellant testified at the contested-case hearing that since about a week after his surgery, he has regularly left his home to (a) work at his office (about 15 miles from his home) every week day, (b) attend outpatient physical therapy twice a week, and (3) attend periodic doctors' appointments. Although due to the condition of his arm and shoulder appellant has been unable to drive himself to these engagements, he testified that he has utilized a home-health nurse to drive him to these locations (which nurse has also provided him with the twice-daily, in-home physical therapy at dispute in this appeal). The hearing officer determined that this evidence supported the conclusion reached by Travelers in its adverse determination that Figari was not "homebound" and therefore, by definition, did not reasonably require home health services, specifically his requested twice-daily, in-home physical therapy. We conclude that the ODG's recommendation that home health services are reasonably required only for homebound[3] patients is substantial evidence of the type required in medical-necessity disputes—that is, "evidence based medical evidence."[4]

---

[3] The term "homebound" is not defined in the applicable workers' compensation laws, and the hearing officer did not cite any portion of the ODG defining the term. We note that the ordinary meaning of "homebound" is "confined to the home." *See* Webster's Third New Int'l Dictionary 1082 (2002).

[4] Figari challenges the hearing officer's alleged reliance on two adverse-determination letters from Travelers citing the opinions of two of its "reviewing physicians" who made the determination for Travelers that the requested treatment was not medically necessary because it exceeded the ODG. Specifically, Figari asserts that the letters are not competent "evidence based medical evidence" because they (1) do not establish that the physicians are qualified to issue expert medical opinions and (2) constitute hearsay and double hearsay. Our determination that the ODG constitutes "evidence based medical evidence" dispenses with the necessity to address these arguments.

The hearing officer concluded that the preponderance of such "evidence based medical evidence" (in the form of the ODG) was contrary to the decision of the IRO that twice daily in-home physical therapy was reasonably required. Therefore, we consider the extent to which there was "evidence based medical evidence" supporting the IRO decision.

Figari contends that Dr. Krishnan's recommendation that he receive the disputed care amounts to such evidence. However, Dr. Krishnan did not testify at the hearing, and the only evidence in the record supporting his recommendation consists of: (a) two letters he wrote to Travelers indicating that, postoperatively, Figari had "required the assistance of an aide [to] perform[] physical therapy at his home" on a daily or twice-daily basis for a minimum of three months or until his nerves recovered and asking Travelers to "[p]lease recognize the medical necessity of an aide to assist Mr. Figari with his activities of daily living, therapy, etc."; (b) a medical report he wrote noting that "[w]ith regards to physical therapy in the home, we recommend Mr. Figari have an aide to help him in order to facilitate the exercises, as he was unable to perform these on his own"; and (c) a one-page "list of qualifications" copied from his clinic's website noting his education and experience as well as the fact that he is a board-certified orthopedic surgeon and has published several articles and papers on shoulder problems.

The applicable statutes specifically define what may constitute "evidence based medical evidence"—"the use of current best quality scientific and medical evidence formulated from credible scientific studies, including peer-reviewed medical literature and other current scientifically based texts, and treatment and practice guidelines in making decisions about the care of individual patients." Tex. Lab. Code § 401.011(22-a). The evidence in the administrative record supporting the

6

medical necessity of the in-home physical therapy, in the form of Dr. Krishnan's recommendations, falls short of this high evidentiary threshold because it does not cite its reliance on any credible scientific studies, peer-reviewed medical literature, scientifically based texts, or treatment and practice guidelines. Figari does not cite any other evidence in support of his contention beyond Dr. Krishnan's recommendations. However, even if this evidence did constitute "evidence based medical evidence," there is substantial evidence (in the form of the ODG and the evidence pertaining to whether Figari was homebound) to support the DWC's finding that the in-home care was not reasonably required. *See id.* § 410.165 (hearing officer is sole judge of relevance and materiality of evidence offered and of weight and credibility given to evidence); *see also Continental Cas. Co. v. Williamson*, 971 S.W.2d 108, 110 (Tex. App.—Tyler 1998, no pet.) (hearing officer resolves inconsistencies and conflicts in medical and other types of evidence).

After reviewing the record as a whole, we find that it contains substantial evidence to support the DWC hearing officer's conclusion that the "evidence based medical evidence" preponderates against the IRO's finding that in-home physical therapy was medically necessary for the treatment of Figari's injury.

## CONCLUSION

Because the order of the DWC was supported by substantial evidence, we affirm the district court's judgment.

7

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed

Filed:   December 16, 2014