TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00187-CV






Mark Heidenheimer, Appellant


v.


Texas Department of Transportation, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. GN101896, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Mark Heidenheimer appeals from the district court's denial of his petition for writ
of mandamus. Heidenheimer requests that we reverse that denial and order the Texas Department
of Transportation to release the parcel numbers of land the Department intends to buy for certain
road projects, as well as the names and addresses of the owners of those parcels. We affirm the
judgment.

 Heidenheimer requested that the Department produce the parcel numbers of property
to be purchased for highway projects in Hunt, Delta, Grayson, Wise, and Hood counties, as well as
projects in Rosedale and on State Highway 199 and Interstate Highway 820; he also requested the
names and addresses of the owners of those properties. He later requested the name and address of
owners of any land parcels for which the Department had yet to contract appraisals regarding an east-west freeway in Lubbock. 

 The Department sought a ruling from the attorney general regarding whether the
information was exempt from mandatory disclosure. In each instance, the attorney general's office
wrote letters opining that the information requested was within an exception to the mandatory
disclosure provision of the Open Records Act. See Tex. Gov't Code Ann. § 552.105 (West 1994).

 Heidenheimer filed suit, requesting that the district court order the Department to
supply the requested information and declare that the information was not excepted from mandatory
disclosure; at trial, he pursued only the mandamus petition. The Department focused on the second
exception under section 552.105, which provides that "Information is excepted from the
requirements of Section 552.021 if it is information relating to . . . appraisals or purchase price of
real or personal property for a public purpose prior to the formal award of contracts for the property." 
Tex. Gov't Code Ann. § 552.105(2) (West 1994). The district court denied the relief requested.

 Heidenheimer contends by his sole point of error that the district court erred by failing
to order the Department to provide landowners' names and addresses on highway projects that had
been publicly announced. 

 The policy of this State expressed in the Open Records Act is that governmental
entities provide information requested by citizens about governmental affairs and actions. Tex.
Gov't Code Ann. § 552.001(a) (West 1994). There are exceptions to the general policy of openness,
however, including that, before the formal award of contracts for the purchase of real property for
a public purpose, governmental entities do not have to disclose information relating to appraisals or
the purchase price of that property. See id. § 552.105(2).

 Whether information requested of a government agency fits within an exception to
the Open Records Act is a question of law. City of Garland v. Dallas Morning News, 22 S.W.3d
351, 357 (Tex. 2000). Although the attorney general's decision that the information is excepted from
disclosure is not controlling, we will consider it. City of Lubbock v. Cornyn, 993 S.W.2d 461, 463
(Tex. App.--Austin 1999, no pet.). We must liberally construe the provisions of the Open Records
Act in favor of granting a request for information. See Tex. Gov't Code Ann. § 552.001(b). 

 The Department argues that the names and addresses of property to be purchased for
road projects relate to the purchase price or appraisal of property because the release of that
information could affect negotiations for the purchase of property by inflating the sale prices for land
the Department seeks. The Department argues that whether Heidenheimer would use the
information to that effect is irrelevant.

 Heidenheimer contends that, once a project has been publicly announced, the only
information that can be withheld is the purchase price or appraisal of the property. See Tex. Gov't
Code Ann. § 552.105. He argues that the names and addresses of the landowners do not relate to
the purchase price or appraisal of their property. He contends that, to forge a relationship, the
Department has improperly broadened the definition of appraisal and purchase price to include
negotiations for purchase. He argues that in so doing, the Department violates the proscription
against the governmental entity inquiring into the purpose for which the information may be used. 
See id. § 552.222(b) (West Supp. 2003).

 We conclude that the use of the term "information relating to" in the exception
necessarily broadens the coverage of the exception beyond the purchase price and the appraisal. See
id. § 552.105. In interpreting a statute, we must attempt to use the ordinary meanings of all terms
and give meaning to all terms used. See id. § 311.011 (West 1998); Chevron Corp. v. Redmon, 745
S.W.2d 314, 316 (Tex. 1987); Broadhurst v. Employees Ret. Sys. of Texas, 83 S.W.3d 320, 323 (Tex.
App.--Austin 2002, pet. filed). "Relate" means "to show or establish a logical or causal connection
between." Webster's Third International Dictionary 1916 (Phillip E. Gove ed. 1986). Information
that can affect the purchase price or appraisal relates to the purchase price. We are persuaded that
the Department's release to Heidenheimer (and possibly others) of the location of property to be
purchased and the names and addresses of the owners could affect the purchase price of those
properties by altering the owners' negotiating stance and strategy. The requested information thus
relates to the purchase price and is within the exception to the Open Records Act. See Tex. Gov't
Code Ann. § 552.105(2). The Department's argument that this relationship exists is no evidence that
the Department improperly asked Heidenheimer his intended use for the information.

 Because the requested information is within the exception, the district court did not
err by declining to order the Department to disclose it. We overrule Heidenheimer's point of error
and affirm the judgment.


 __________________________________________

 Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: January 16, 2003