Zurich American Insurance Company v. Lauren Gill

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-284-CV

ZURICH AMERICAN

INSURANCE COMPANY APPELLANT

V.

LAUREN GILL APPELLEE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

I.  Introduction

In a single point, Appellant Zurich American Insurance Company appeals the trial court’s summary judgment in favor of Appellee Lauren Gill, affirming that Zurich owes medical benefits to Gill under a workers’ compensation claim.  The issue before this court is the interpretation of Texas Labor Code section 409.021(c) regarding the effect of the failure to contest the compensability of an injury.  Zurich’s position is that (1) its failure to dispute that Gill had a compensable injury does not mean that it cannot dispute whether she had an injury at all, and (2) this court should render judgment in its favor because it proved to the trial court that no injury occurred as a matter of law.  Gill’s position is that (1) by failing to timely dispute compensability, Zurich has waived its ability to contest the occurrence of this injury, and (2) she established that an injury occurred as a matter of law.  Because we hold that Gill had an injury and that Zurich could not contest the compensability of the injury, we affirm the trial court’s judgment.

II.  Background

Gill was an employee of Professional Employer Services from April 2000 until May 2001.  Although she suffered from allergy problems since her childhood, in June 2000, she began suffering increased problems of sneezing, headaches, congestion, a sore throat, and a runny nose.  After removing ceiling tiles from her office, she took them to a laboratory and discovered that they contained stachybotrys mold.  She was then medically diagnosed with allergic rhinitis and maxillary sinusitis, obtained appropriate medical treatment, and subsequently filed a workers’ compensation claim.  Although Zurich, Professional Employer Services’ workers’ compensation insurance carrier, received notice of her claim in May 2001, it failed to respond until January 8, 2002, when it contested the compensability of Gill’s alleged injury.

A contested case hearing was held October 31, 2002.  The hearing officer found that Gill sustained injuries that were ordinary diseases of life—specifically, chronic allergic rhinitis and maxillary sinusitis.  The hearing officer further found that Gill’s allergic rhinitis and maxillary sinusitis were not injuries in the form of an occupational disease.  She further found that although Zurich failed to timely contest compensability, and therefore could not challenge whether the injury was compensable, Gill did not timely notify her employer of her injury.  Therefore, Zurich was relieved of any liability for the workers’ compensation claim.

Both Zurich and Gill appealed the hearing officer’s decision to the Workers’ Compensation Commission Appeals Panel.  The Appeals Panel affirmed the hearing officer’s decision and order in part, holding that because the hearing officer is the sole judge of the weight and credibility of the evidence and, as the finder of fact, resolves the conflicts in the evidence and determines what facts have been established, the hearing officer’s determination that Gill did not sustain an injury in the form of an occupational disease was supported by sufficient evidence and was not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.  Additionally, the Appeals Panel held that the hearing officer’s determination that the date of injury was June 1, 2000 was supported by sufficient evidence and was not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust; thus, the hearing officer’s determination that Gill failed to timely notify her employer of her injury was supported by sufficient evidence and was not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.  The Appeals Panel also held that the hearing officer did not err as a matter of law by determining that Zurich waived its right to contest the compensability of the injury by not timely contesting the injury in accordance with the version of section 409.021 of the Labor Code effective at that time.  The Appeals Panel also held that the hearing officer did not err as a matter of law by determining that 
Continental Casualty Company v. Williamson
(footnote: 1) did not apply to this case.  The 
Williamson
 court held that if a hearing officer determines that there is no injury, and that finding is not against the great weight and preponderance of the evidence, then the carrier’s failure to contest compensability cannot create an injury as a matter of a law.
(footnote: 2)  But 
Williamson
 is limited to situations where there is a determination that the claimant did not have an injury, as opposed to cases like this one where there is an injury or disease that was determined by the hearing officer not to be causally related to the claimant’s employment.
(footnote: 3)  Furthermore, the Appeals Panel held that although there was conflicting evidence, the hearing officer’s determination that Gill has not suffered disability was supported by sufficient evidence and was not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

The Appeals Panel, however, reversed the hearing officer’s decision that Zurich was relieved of liability under section 409.002 because of Gill’s failure to timely notify her employer of her injury pursuant to section 409.001.  The Appeals Panel explained that when a carrier loses its right to contest compensability, that loss includes its right to assert a defense under section 409.002 based upon the claimant’s failure to give timely notice of her injury to her employer.  Consequently, Zurich was not relieved of liability.  Finally, the Appeals Panel rendered the decision that because Zurich waived its right to contest compensability, Gill had a compensable injury as a matter of law. Zurich then filed suit in district court, appealing the panel’s determinations that, among other things, it had waived the right to contest compensability of the claimed injury by not timely contesting the injury, and thus it was obligated to pay medical benefits for Gill’s medical care.  Gill answered and counter-claimed, complaining that the Appeals Panel erred in finding that (1) she did not sustain an injury in the form of an occupational disease and (2) her medical problems were not caused, enhanced, or aggravated by her working conditions.  Each party subsequently filed a motion for summary judgment.

The question presented to the trial court, according to Zurich’s motion, was “whether or not Ms. Gill sustained an injury as outlined in the Texas Labor Code.”  In her motion for summary judgment, Gill posited the issue as whether Zurich “waived the right to contest compensability of the claimed injury by not timely contesting the injury.”  After a hearing and considering the motions, the trial court denied Zurich’s motion and granted summary judgment in favor of Gill, finding that “(1) Zurich has waived the right to contest compensability; (2) thus judgment affirming the decision of the TWCC’s Appeals Panel decision number 023017 is appropriate; [and] (3) Zurich owes medical benefits to Lauren Gill.”  This appeal resulted.

III. Analysis

A.  Statutes

The goal of statutory construction is to give effect to legislative intent.
(footnote: 4)  Unless a statute is ambiguous, we discern that intent from the language of the statute itself.
(footnote: 5)  Further, we consider a statute as a whole, not its provisions in isolation.
(footnote: 6)  Additionally, an administrative agency’s construction or interpretation of a statute, which the agency is charged with enforcing, is entitled to serious consideration by reviewing courts, so long as that construction is reasonable and does not contradict the plain language of the statute.
(footnote: 7) 

In this case, our analysis begins with an examination of the pertinent statutory definitions contained in section 401.011 of the Texas Labor Code:  

(26)  “Injury” means damage or harm to the physical structure of the body and a disease or infection naturally resulting from the damage or harm.  The term includes an occupational disease.

. . . . 

(34)  “Occupational disease” means a disease arising out of and in the course of employment that causes damage or harm to the physical structure of the body, including a repetitive trauma injury.  The term includes a disease or infection that naturally results from the work-related disease.  The term does not include an ordinary disease of life to which the general public is exposed outside of employment, unless that disease is an incident to a compensable injury or occupational injury.
(footnote: 8)

To be “compensable,” the injury must arise out of and in the scope and course of employment for which compensation is payable.
(footnote: 9)
 At issue in this appeal is the meaning of a particular statutory section containing these defined phrases.  Section 409.021(c) of the Texas Labor Code states:  “If an insurance carrier does not contest the compensability of an injury on or before the 60
th
 day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability.”
(footnote: 10)  It is undisputed that Zurich did not contest compensability within the sixty-day period.  But Zurich argues that (1) this does not mean that it is not allowed to contest whether there was an underlying injury at all, and (2) if no such injury occurred, it cannot be compensable because nothing arose “in the course and scope of employment for which compensation is payable.”
(footnote: 11) 
 In sum, Zurich argues that there was no injury, therefore there was no “compensable injury” as a matter of law, and so Zurich did not have to comply with section 409.021.
(footnote: 12) 

Gill points the court to an additional deadline missed by Zurich contained in former section 409.021(a), applicable to this case, which reads:

An insurance carrier shall initiate compensation under this subtitle promptly.  Not later than the seventh
 day after the date on which an insurance carrier receives notice of an injury, the insurance carrier shall (1) begin the payment of benefits as required by this subtitle or (2) notify the commission and the employee in writing of its refusal to pay and advise the employee of (A) the right to request a benefit review conference and (B) the means to obtain additional information from the commission.
(footnote: 13)

Gill argues that if Zurich’s construction of the statute is correct regarding its being able to contest the occurrence of an injury at any time, then there is no reason for the insurance company to ever respond to a claim, let alone to do so “promptly” as set forth in former section 409.021(a).

B.  Case Law

Two cases touching on the issue before this court are discussed by the parties.  In 
Williamson
, claimant Claude Williamson alleged that on August 10, 1993, he fell down a staircase at work, which replicated a March 1993 injury.
(footnote: 14)  Williamson filed a worker’s compensation claim, but Continental did not respond within the sixty-day time frame.
(footnote: 15)  Following the contested case hearing at which Williamson and others testified, the hearing officer entered a Decision and Order, with findings of fact and conclusions of law, including a finding that Williamson willfully intended to injure himself by staging the incident in question but did not sustain an injury.
(footnote: 16)  The hearing officer therefore held that, although the insurance carrier had waived its right to dispute the compensability of Williamson’s alleged injury, because Williamson had no injury, he was not entitled to benefits.
(footnote: 17)
 The Appeals Panel affirmed the hearing officer’s findings of fact and conclusions of law, but disagreed with the conclusion that because there was a finding of no injury, Williamson was not entitled to benefits.
(footnote: 18)  The Appeals Panel instead held that Williamson suffered no injury, but because Continental did not timely contest compensability, Williamson’s injury was established as a matter of law.
(footnote: 19)
 Continental then appealed the Appeals Panel decision to the trial court.  The trial court affirmed the decision, which was again appealed to our sister court in Tyler.
(footnote: 20)  The question on appeal was whether an employer’s failure to timely contest compensability, when there is no injury, creates a compensable injury as a matter of law.
(footnote: 21)  
The Tyler court found that an injury and a compensable injury are two different animals.
(footnote: 22)  Continental may have waived its right to contest the compensability of an injury, but it never waived its right to contest the injury itself.
(footnote: 23)  The court therefore held that if a hearing officer determines that there is no injury, and that finding is not against the great weight and preponderance of the evidence, then the carrier’s failure to contest compensability cannot create an injury as a matter of a law.
(footnote: 24) 
 The appellate court reversed the trial court’s judgment and rendered judgment in favor of the carrier.
(footnote: 25)
 Willamson
 has been held by 
the Texas Workers’ Compensation Commission Appeals Panel to be limited to situations where there is a determination by the hearing officer that the claimant did not have an injury, that is, no damage or harm to the physical structure of the body, as opposed to cases where there is an injury or disease determined by the hearing officer not to have been causally related to the employment.
(footnote: 26)
 The second case discussed by the parties is 
Continental Casualty Company v. Downs
.
(footnote: 27)  Mary Downs timely filed a claim for worker’s compensation benefits after her husband’s death, but the carrier, Continental, did not dispute the compensability of her claim until forty-eight days after it received the notice.
(footnote: 28)  A hearing officer determined that the heart attack that caused her husband’s death was not compensable and that Continental had timely contested compensability, which the Texas Workers’ Compensation Commission Appeals Panel affirmed.
(footnote: 29)
 On appeal, the trial court affirmed the Appeals Panel’s decision, but the San Antonio Court of Appeals reversed the trial court and rendered judgment in favor of Downs because Continental had not, within seven days of notice of the claim, notified Downs of its refusal to pay benefits and therefore Continental could not contest compensability.
(footnote: 30)  
In other words, by failing to meet the seven-day deadline contained in former section 409.021(a), Continental no longer had the sixty days allowed by section 409.021(c) to investigate compensability.
(footnote: 31)
 The Texas Supreme Court agreed with this analysis, holding that “[t]herefore, a carrier that has neither initiated benefits nor filed a notice of refusal, has not complied with the [seven-day] statutory requisite, and has failed to trigger the sixty-day period to investigate or deny compensability.”
(footnote: 32) The court went on to observe that 

[a]lthough the parties and the court of appeals label the consequence for failure to meet the seven-day pay-or-dispute deadline a “waiver,” that is not precisely what happens under the statutory scheme.  We are presented not with a question of waiver, but of a deadline (seven days to pay or dispute), and a consequence for failing to meet that deadline (a carrier that does nothing fails to avail itself of the sixty-day period to investigate or deny compensability).
(footnote: 33)

C.  Application

Applying the foregoing case law and statutory analysis to this case, we hold that Gill has an injury that is compensable by Zurich.  When notified of a claim under the worker’s compensation statute, an insurer operating under the law effective in this case had seven days to either begin paying benefits or notify the commission and the employee of its refusal to pay.
(footnote: 34)  By acting on the notice of an injury, the insurance carrier would then afford itself up to sixty days after notice to investigate the claim and contest the compensability of the injury pursuant to Texas Labor Code section 409.021(c).
(footnote: 35)  Because Zurich did not act within the seven-day period, let alone within the sixty-day period, it no longer had a right to contest compensability of the injury.  This, however, is not disputed by Zurich, who argues that the 
Williamson
 case allows it to dispute the occurrence of an injury, although not its compensability.
(footnote: 36)
 But again, the Workers’ Compensation Commission Appeals Panel has repeatedly and consistently held that 
Williamson
 applies to situations where there is a determination that the claimant did not have an injury, as opposed to cases where there is an injury or disease which was determined by the hearing officer not to be causally related to the claimant’s employment.
(footnote: 37)  In Appeal No. 981847, from September 25, 1998, the chief judge of the Appeals Panel wrote as follows:

Similarly, in appeal 981640, supra, where the appeal panel applied the 
Williamson
 decision, the hearing officer determined that there was no injury (reflex sympathetic dystrophy) and that determination was supported by the evidence.  In the case under review, that was not the situation.  Not only did the evidence support the hearing officer’s determination that the claimant sustained an occupational disease, but the fact that the claimant had a dystopia condition was not in dispute; rather, whether it related to her employment, a compensability issue, was the essence of the issue.  In other words, the question was not that the claimant did not have an injury or condition at all but whether it was connected to her employment, a compensability matter.  
We do not read the Williamson case to extend to situations where there is some injury or condition supported by the evidence and the pertinent issue is whether it relates to the employment, a compensability matter.
  
To so extend Williamson
 
would effectively read section 409.021(c) out of existence.
  (Emphasis added).
(footnote: 38)

We agree.  Therefore, because the hearing officer found that Gill had an injury, 
Williamson
 does not apply to this case.  Consequently, Zurich’s sole issue is whether Gill had an “injury.”

Because we are dealing with statutory construction, we must examine the Texas Labor Code’s definition of “injury.”
(footnote: 39)  
As previously set forth, “injury” is defined as damage or harm to the physical structure of the body and a disease or infection naturally resulting from the damage or harm, including an occupational disease.
(footnote: 40)
 The statute specifies that the term “occupational disease” does not include “an ordinary disease of life to which the general public is exposed outside of employment, unless that disease is an incident to a compensable injury or occupational disease.”
(footnote: 41) 
 Because Gill has pointed to no evidence in the record that her rhinitis and maxillary sinusitis were anything other than  “ordinary disease[s] of life,” we agree with the Appeals Panel that she has not shown that her condition is an occupational disease.

Therefore, to be an “injury,” Gill’s condition must qualify as damage or harm to the physical structure of the body and a disease or infection naturally resulting from the damage or harm.
(footnote: 42)  The question of whether an injury occurred is one of fact.
(footnote: 43)  A contested case hearing officer, as finder of fact, is the sole judge of the relevance and materiality of the evidence as well as of the weight and credibility that is to be given the evidence.
(footnote: 44)  It was for the hearing officer to resolve the inconsistencies and conflicts in the evidence.
(footnote: 45)  This is equally true regarding medical evidence.
(footnote: 46)  The trier of fact may believe all, part, or none of the testimony of any witness.
(footnote: 47)  An appellate body is not a fact finder, and does not normally pass upon the credibility of witnesses or substitute its own judgment for that of the trier of fact, even if the evidence would support a different result.
(footnote: 48)  Additionally, when reviewing a hearing officer’s determination of a fact issue, the decision should be reversed only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.
(footnote: 49)
 The record shows, and Zurich does not contest, that Gill has chronic allergic rhinitis and maxillary sinusitis, which manifested in the form of sneezing, headaches, congestion, a sore throat, and a runny nose.  The Appeals Panel recognized and agreed with the hearing officer’s determination that Gill had physical harm or damage to her body due to the chronic allergic rhinitis and maxillary sinusitis.  Because Gill’s chronic allergic rhinitis and maxillary sinusitis resulted in the malfunctioning of the physical structure of the body,
(footnote: 50) the agency’s determination that Gill had an injury is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.
(footnote: 51) Consequently, we hold that, under the facts of this case, although Gill’s condition was an ordinary disease of life, not incident to a compensable injury or occupational disease, her condition was an “injury” for purposes of section 401.011(26) of the Texas Labor Code.  Thus, because Zurich cannot contest the compensability of the injury, it owes medical benefits to Gill.  We overrule Zurich’s sole point.

IV.  Conclusion

Having held that (1) Gill had an injury, (2) Zurich may not contest the compensability of the injury, and thus (3) Zurich owes medical benefits to Gill, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

MCCOY, J. filed a dissenting opinion.

DELIVERED:  September 8, 2005

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-284-CV

ZURICH AMERICAN APPELLANT

INSURANCE COMPANY 

V.

LAUREN GILL APPELLEE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

DISSENTING OPINION

------------

I respectfully dissent.  I do not believe that the Legislature intended that an “injury” encompass the symptoms of an “ordinary disease of life,” as has been found present here, any more than those from a common cold, a cold sore (a viral infection), or athlete’s foot (a fungal infection).

BOB MCCOY

JUSTICE

DELIVERED:  September 8, 2005

FOOTNOTES
1:
971 S.W.2d 108 (Tex. App.—Tyler 1998, no pet.).

2:
Id
. at 110-11.

3:
See
,
 e.g.
, Appeals Panel No.  022274, 2002 WL 31474068, at *2 (Tex. Workers’ Comp. Comm’n Oct. 17, 2002); Appeals Panel No. 022027-s, 2002  WL 31474007, at *2 (Tex. Workers’ Comp. Comm’n Sept. 30, 2002); Appeals Panel No.  990223, 1999 WL 202028, at *3 (Tex. Workers’ Comp. Comm’n Mar. 22, 1999); Appeals Panel No.  990135, 1999 WL 163482, at *4 (Tex. Workers’ Comp. Comm’n Mar. 10, 1999); Appeals Panel No.  981847, 1998 WL 1012977, at *2 (Tex. Workers’ Comp. Comm’n Sept. 25, 1998).

4:
Cont’l Cas. Co. v. Downs
, 81 S.W.3d 803, 805 (Tex. 2002).

5:
Id
.

6:
Id
.

7:
Broadhurst v. Employees Ret. Sys. of Tex.
, 83 S.W.3d 320, 323 (Tex. App.—Austin 2002, pet. denied).

8:
Tex. Lab. Code
 § 401.011(26), (34) (Vernon Supp. 2004-05).

9:
Id.
 § 401.011(10).

10:
Id.
 § 409.021(c) (Vernon Supp. 2004-05).

11:
See
 
id
.

12:
See
 
TIG Premier Ins. Co. v. Pemberton
, 127 S.W.3d 270, 272 n.1 (Tex. App.—Waco 2003, pet. denied).

13:
Act of May 12, 1993, 73
rd
 Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 1195 (amended 2003) (current version at 
Tex. Lab. Code Ann.
 § 409.021(a) (Vernon Supp. 2004-05)).

14:
Williamson
, 971 S.W.2d at 109.

15:
Id
.

16:
Id
.

17:
Id
. at 109-110.

18:
Id
. at 110.

19:
Id
.

20:
Id
.

21:
Id. 
at 110-11.

22:
Id
. at 110.

23:
Id
. at 110-11.

24:
Id
.

25:
Id
. at 111.

26:
See
,
 e.g.
, Appeals Panel No.  022274, 2002 WL 31474068, at *2; Appeals Panel No.  022027-s, 2002 WL 31474007, at *2; Appeals Panel No.  990223, 1999 WL 202028, at *3; Appeals Panel No.  990135, 1999 WL 163482, at *4; Appeals Panel No.  981847, 1998 WL 1012977, at *2.

27:
81 S.W.3d at 804-07.

28:
Id
. at 804.

29:
Id
.

30:
Id
.

31:
Id
.

32:
Id
. at 806.

33:
Id
. at 807.

34:
Act of May 12, 1993, 73
rd
 Leg. R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 1195 (amended 2003).

35:
Tex. Lab. Code Ann.
 § 409.021(c).

36:
See Williamson, 
971 S.W.2d at 110.

37:
See
,
 e.g.
, Appeals Panel No.  022274, 2002 WL 31474068, at *2; Appeals Panel No.  022027-s, 2002 WL 31474007, at *2; Appeals Panel No.  990223, 1999 WL 202028, at *3; Appeals Panel No.  990135, 1999 WL 163482, at *4; Appeals Panel No.  981847, 1998 WL 1012977, at *2.

38:
Appeals Panel No. 981847, 1998 WL 1012977, at *2.

39:
See
 
Tex. Lab. Code Ann.
 § 401.011(26).

40:
Id
.

41:
Id.
 § 401.011(34).

42:
Id
. § 401.011(26).

43:
Williamson
, 971 S.W.2d at 110.

44:
Tex. Lab. Code Ann.
 § 410.165(a) (Vernon 1996); 
Williamson
, 971 S.W.2d at 110.

45:
Williamson
, 971 S.W.2d at 110.

46:
Id
.

47:
Id
.

48:
Id
.

49:
See
 
id
.

50:
See GTE Southwest, Inc. v. Bruce
, 998 S.W.2d 605, 610 (Tex. 1999) (holding, with regard to the injury of emotional distress, that “[t]he phrase ‘physical structure of the body’ refers to the entire body, and emotional distress may constitute an ‘injury’ when it results in malfunctioning of the physical structure of the body”).

51:
See Williamson
, 971 S.W.2d at 110; 
see also Broadhurst
, 83 S.W.3d at 332.

COMMENTS AND ANNOTATIONS
Comment 1:
Majority by LAD; Dissent by  RM