COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-081-CV

 

 

EUNICE ALEXANDER                                                            APPELLANT

 

                                                   V.

 

LOCKHEED MARTIN                                                                APPELLEE

CORPORATION,
SELF INSURED                                                              

 

                                              ------------

 

             FROM THE 43RD
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant Eunice Alexander appealed the trial
court=s
summary judgment holding that Appellee Lockheed Martin did not waive the right
to contest compensability of Appellant=s worker=s
compensation claim and that Appellant did not have a compensable claim.  We hold that Appellee waived the right to
contest compensability and that, as a result, Appellant had a compensable
claim.  Therefore, we reverse the trial
court=s
judgment and remand the case for further proceedings.








I.  Facts
and Procedural History

Appellant worked for Appellee, which was
certified as a self-insurer under the Texas Workers=
Compensation Act and for group health benefits. 
Appellant had a pre-existing condition for which she used a cane daily
and had used group health benefits several years before the injury at
issue.  Appellant filed a workers=
compensation claim with Appellee, asserting that she fell at work on October
17, 2002 while changing workstations. 
Appellee filed a notice of paid benefits within seven days of being
notified of the injury.  Thus, it had
sixty days to contest the compensability of the injury pursuant to Texas Labor
Code section 409.021(c).[1]  Appellee did not file a dispute within the
sixty-day period but filed one later, claiming that it should be able to reopen
the issue because it had Anewly discovered evidence@ of a
preexisting condition.  The newly
discovered evidence was Appellant=s doctor=s
previous records of the injury, which Appellee did not receive until after the
sixty-day deadline had passed. 













At the Texas Worker=s
Compensation Commission=s contested case benefit hearing
(CCH) on November 12, 2003, the CCH officer held that because Appellee did not
dispute the claim within sixty days, it waived its right to contest it and
could not reopen the issue because the alleged newly discovered evidence could
reasonably have been discovered earlier. 
The decision stated that A[a]lthough
[Appellant] did not sustain an injury in the course and scope of employment on
October 17, 2002, her injury is compensable because [Appellee] waived the right
to contest compensability.@ The
Appeals Panel affirmed this decision and held that the hearing officer did not
err by determining that Continental Casualty Company v. Williamson did
not apply to this case.[2]  Williamson held that if a hearing
officer determines that there is no injury, and that finding is not against the
great weight and preponderance of the evidence, then the carrier=s
failure to contest compensability cannot create an injury as a matter of a law.[3]  However, Williamson is limited to
situations where there is a determination that the claimant did not have an
injury, as opposed to cases where there is an injury that was determined by the
hearing officer not to be in the scope of employment.[4]  

Appellee appealed to the district court and filed
a motion for summary judgment, claiming that as a matter of law Appellant was
not injured and, therefore, Appellee had no deadlines to file a dispute.  The district court judge granted the motion
for summary judgment, finding that Appellee did not sustain an injury in the
course and scope of employment.  The
judgment ordered that the Appeals Panel decision be set aside, held that
Appellee did not waive the right to contest compensability of its claim, and
held that Appellant did not have a compensable claim.  Appellant moved for a new trial, but the
trial court denied the motion.  Appellant
then filed a notice of appeal.








In two issues, Appellant argues that the trial
court improperly granted summary judgment by disregarding Texas Labor Code
section 409.021(c) and that Appellee does not have a right to contest the
compensability of Appellant=s injury
past the sixty-day deadline based on a commission finding of no injury in the
course and scope of employment.  Appellee
responds that the trial court correctly granted the motion for summary judgment
because failure to contest compensability does not waive the right to contest
the existence of the injury itself.

II. 
Standard of Review

In a summary judgment case, the issue on appeal
is whether the movant met his summary judgment burden by establishing that no
genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law.[5]  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.[6]  Therefore, we must view the evidence and its
reasonable inferences in the light most favorable to the nonmovant.[7]








In deciding whether there is a material fact
issue precluding summary judgment, all conflicts in the evidence are
disregarded and the evidence favorable to the nonmovant is accepted as true.[8]  Evidence that favors the movant=s position
will not be considered unless it is uncontroverted.[9]  The summary judgment will be affirmed only if
the record establishes that the movant has conclusively proved all essential
elements of the movant=s cause of action or defense as
a matter of law.[10]

III.  Legal
Analysis

Appellant argues that the trial court
improperly granted summary judgment by disregarding Texas Labor Code section 409.021(c),
which provides:

If an insurance carrier does not contest the
compensability of an injury on or before the 60th day after the date on which
the insurance carrier is notified of the injury, the insurance carrier waives
its right to contest compensability. The initiation of payments by an insurance
carrier does not affect the right of the insurance carrier to continue to
investigate or deny the compensability of an injury during the 60‑day
period.[11]








AInjury@ is
defined as Adamage or harm to the physical
structure of the body.A[12]  It is undisputed that Appellee did not
contest the compensability of an injury within sixty days after Appellant gave
it notice of the injury.  Appellee
responds that failure to contest compensability does not waive the right to
contest the existence of the injury itself. 
Appellant argues that Appellee did not allege and the hearing officer
did not find that there was no injury, but that there was no injury in
the course and scope of employment. 
We agree.

A.  The Williamson
Case








In Williamson, claimant Claude Williamson
alleged that on August 10, 1993, he fell down a staircase at work, which
replicated an earlier injury.[13]
Williamson filed a worker=s compensation claim, but
Continental did not respond within the sixty‑day period.[14]  The contested case hearing officer entered a
decision that included a finding that Williamson willfully intended to injure
himself by staging the staircase incident but did not sustain an additional
injury on the alleged date.[15]  The hearing officer therefore held that,
although the insurance carrier had waived its right to dispute the
compensability of Williamson=s
alleged injury, because Williamson had no injury, he was not entitled to
benefits.[16]

The Appeals Panel disagreed with the conclusion
that because there was a finding of no injury, Williamson was not entitled to
benefits.[17]  It held that Williamson suffered no injury,
but because Continental did not timely contest compensability, Williamson=s injury
was established as a matter of law.[18]








Continental then appealed the Appeals Panel
decision to the trial court.[19]
The trial court affirmed the decision, which was again appealed.[20]  The question on appeal was whether an
employer=s failure
to timely contest compensability when there is no injury creates a compensable
injury as a matter of law.[21]  The appellate court held that an injury and a
compensable injury are different.[22]
Although Continental may have waived its right to contest the compensability of
the injury, it never waived its right to contest the injury itself.[23]  Thus, the court held that if a hearing
officer determines that there is no injury, and that finding is not against the
great weight and preponderance of the evidence, then the carrier=s
failure to contest compensability cannot create an injury as a matter of a law.[24]  The appellate court reversed the trial court=s
judgment and rendered judgment in favor of the carrier.[25]

Importantly, Williamson has been held by
the Texas Workers= Compensation Commission Appeals
Panel and this court to be limited to situations where there is a determination
by the hearing officer that the claimant did not have an injury, or damage or
harm to the physical structure of the body, as opposed to cases where there is
an injury determined by the hearing officer not to have been causally related
to the employment.[26]  For instance, in Appeal No. 981847, the chief
judge of the Appeals Panel held: 








[W]here the Appeal Panel
applied the Williamson decision, the hearing officer determined that
there was no injury . . . and that determination was supported by the
evidence.  In the case under review, that
was not the situation. Not only did the evidence support the hearing officer=s determination that the
claimant sustained an occupational disease, but the fact that the claimant had
a dystopia condition was not in dispute; rather, whether it related to her
employment, a compensability issue, was the essence of the issue.  In other words, the question was not that the
claimant did not have an injury or condition at all but whether it was
connected to her employment, a compensability matter.  We do not read the Williamson case to
extend to situations where there is some injury or condition supported by the
evidence and the pertinent issue is whether it relates to the employment, a
compensability matter.  To so extend Williamson
would effectively read section 409.021(c) out of existence.[27]  

 

This court cited and adhered to this reasoning in Zurich American
Insurance Co. v. Gill.[28]

B. 
Application of Williamson and Gill








The CCH officer in the case before us found that A[o]n
October 17, 2002, [Appellant] did not sustain an injury to her low back and
right knee when she fell while carrying a box of personal items to move to
another work station.@ However, the CCH order also
states that Appellant Adid have damage to the physical
structure of her body.@ 
Because injury is defined as damage to the physical structure of the
body, the only distinction between these two statements appears to revolve
around when and how the alleged injury occurred.  ACourse
and scope of employment@ means an activity of any kind
or character that has to do with and originates in the work, business, trade,
or profession of the employer and that is performed by an employee while
engaged in or about the furtherance of the affairs or business of the employer.[29]  When and how the alleged injury occurred fits
in this definition.  Therefore, contrary
to Appellee=s assertion, the CCH officer did
find that there was an injury, just that it did not occur in the course and
scope of employment.  As in the Appeals
Panel cases cited in Zurich, Awhether
[the injury] related to [Appellant=s]
employment, a compensability issue, was the essence of the issue.@[30]  








Appellant asserted in her brief and in oral argument
that whether there was an injury, as opposed to whether there was a compensable
injury, was never an issue at the CCH hearing or before the Appeals Panel.  Appellee did not contest this assertion
during oral argument.  There is no
evidence in the record that Appellee argued this issue before the Appeals
Panel.  The Appeals Panel decision only
stated that Appellee asserted error in the CCH officer>s
findings regarding waiver and disability, waiver referring to the failure to
timely contest compensability.  Appellee
states that the finding of whether there was an injury was never appealed.  We agree. 
The Texas Labor Code provides that trials are limited to issues decided
by the commission appeals panel and on which judicial review is sought.[31]  Cases interpreting this section hold that a
party may not raise an issue in the trial court which was not raised before the
TWCC Appeals Panel.[32]  Therefore, because there is no evidence that
Appellee appealed the CCH officer=s
finding that there was an injury, the issue was not properly before the trial
court.  Because the assertion of no
injury by Appellee was not before the trial court, it is not before this court,
and it is established that Appellant had an injury and Williamson is
inapplicable.

IV. 
Conclusion








The CCH officer and Appeals Panel held that the
injury did not occur in the course and scope of employment.  Because we have previously held that such an
issue is a compensability issue, Appellee waived its right to contest the
compensability of the injury by not raising it within the sixty-day deadline
provided by the Texas Labor Code.[33]  The trial court erred by granting summary
judgment in favor of Appellee.  We
sustain Appellant=s issues.  We reverse and remand for further
proceedings.

 

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL A:   DAUPHINOT, WALKER, and
MCCOY, JJ.

DELIVERED:  March 2, 2006











[1]Tex. Lab. Code
Ann. ' 409.021(c) (Vernon Supp.
2005).





[2]See Cont=l Cas. Co. v. Williamson, 971 S.W.2d 108 (Tex.
App.CTyler 1998, no pet.).





[3]Id. at 110‑11.





[4]See Zurich Am. Ins. Co. v. Gill, 173 S.W.3d
878, 880-81, 883-85 (Tex. App.CFort Worth 2005, pet. filed); Appeals Panel No.
022274, 2002 WL 31474068, at *2 (Tex. Workers= Comp. Comm=n Oct. 17, 2002); Appeals
Panel No. 022027‑s, 2002 WL 31474007, at *2 (Tex. Workers= Comp. Comm=n Sept. 30, 2002); Appeals
Panel No. 990223, 1999 WL 202028, at *3 (Tex. Workers= Comp. Comm=n Mar. 22, 1999); Appeals
Panel No. 990135, 1999 WL 163482, at *4 (Tex. Workers= Comp. Comm=n Mar. 10, 1999); Appeals
Panel No. 981847, 1998 WL 1012977, at *2 (Tex. Workers= Comp. Comm=n Sept. 25, 1998).

 





[5]Tex. R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73
S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).





[6]Sw. Elec. Power Co., 73 S.W.3d at 215; Sci. Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997); Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).





[7]Great Am.,
391 S.W.2d at 47.





[8]Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995).





[9]Great Am.,
391 S.W.2d at 47.





[10]Clear Creek Basin, 589 S.W.2d at 678.





[11]Tex. Lab. Code
Ann. ' 409.021(c).





[12]Id. ' 401.011(26) (Vernon Supp. 2005).





[13]Williamson,
971 S.W.2d at 109.





[14]Id.





[15]Id.





[16]Id. at
109-10.





[17]Id. at 110.





[18]Id.





[19]Id.





[20]Id.





[21]Id. at
110-11.





[22]Id. at 110.





[23]Id. at
110-11.





[24]Id. 





[25]Id. at 111.





[26]See Gill, 173 S.W.3d at 880-81, 883-85; Appeals Panel No.
022274, 2002 WL 31474068, at *2; Appeals Panel No. 022027‑s, 2002 WL
31474007, at *2; Appeals Panel No. 990223, 1999 WL 202028, at *3; Appeals Panel
No. 990135, 1999 WL 163482, at *4; Appeals Panel No. 981847, 1998 WL 1012977,
at *2.





[27]Appeals Panel No. 981847, 1998 WL 1012977, at *2 (emphasis added).





[28]Gill, 173 S.W.3d at 885.

 





[29]Tex. Lab. Code
Ann. ' 401.011(12).





[30]Appeals Panel No. 981847, 1998 WL 1012977, at *2.





[31]Tex. Lab. Code
Ann. ' 410.302(b) (Vernon Supp. 2005). 





[32]Krueger v. Atascosa County, 155 S.W.3d 614, 619 (Tex. App.CSan
Antonio 2004, no pet.); Hefley v. Sentry Ins. Co., 131 S.W.3d 63, 65
(Tex. App.CSan Antonio 2003, pet. denied); St. Paul Ins. Co.
v. Mefford, 994 S.W.2d 715, 719‑20 (Tex. App.CDallas
1999, pet. denied).





[33]Tex. Lab. Code
Ann. ' 409.021(c).